[Crim. No. 30.  Second Appellate District.—May 31, 1906.]

## THE PEOPLE, Respondent, v. FELIZ FERNANDEZ, Appellant.

CRIMINAL LAW—BURGLARY—SUFFICIENCY OF EVIDENCE.—*Held*, that the testimony for the prosecution clearly .proves that the defendant was guilty of burglary in the first degree, and sustained a verdict of conviction of that offense.

ID.—INSTRUCTIONS—REFUSAL OF REQUESTS EMBODIED IN CHARGE.— There was no error in refusing instructions offered by the defendant as to the degree of certainty, with which circumstances should be proved, and as to the presumption of innocence, where the law on those subjects was clearly and fully stated in the charge of the court to the jury.

ID.—ORAL EXPRESSIONS OF JUDGE AT TRIAL—OPINIONS OF WITNESSES FOR PROSECUTION—DEFENDANT NOT HARMED.—Oral expressions of the judge at the trial condemning opinions and beliefs stated by a witness for the prosecution adversely to the defendant could not have harmed the defendant.

ID.—REPORTS OF TRIAL IN NEWSPAPERS—REFUSAL OF REQUEST TO EX-AMINE JURORS.—A request of the defendant, during the taking of the testimony before the jury, to ask the jurors in open court as to whether they had read any reports of the trial in the newspapers, was properly refused by the court, on the ground that that was not the time or place for such inquiry.

ID.—READING REPORTS—INSUFFICIENT SHOWING ON MOTION FOR NEW TRIAL.—Affidavits on motion for new trial as to the reading by the jury of newspaper reports of the progress of a trial, which do not show even in substance that the jurors read them, nor that the reports were prejudicial to the defendant, are insufficient. If the reports of the progress of the trial were correct, the jurors could not be harmed by reading what they already knew as to such progress.

APPEAL from a judgment of the Superior Court of San Bernardino County, and from an order denying a new trial. Frank F. Oster, Judge.

The facts are stated in the opinion of the court.

3 Cal. App.—44

Frank C. Prescott, for Appellant.

U. S. Webb, Attorney General, and L. M. Sprecher, District Attorney, for Respondent.

GRAY, P. J.—The defendant appeals from a judgment convicting him of burglary, and from an order denying him a new trial.

1. The testimony of Inez Dominguez, corroborated as it was by the other members of her family, made out a clear case of burglary in the first degree against the defendant, and there is no merit in the contention that the verdict is not supported by the evidence.

2. The defendant urges that instructions offered by him were refused. One of these instructions related to the degree of certainty with which circumstances should be proved and that they should point conclusively to defendant's guilt; and the other instruction related to the presumption of innocence. The first instruction given to the jury covered the proposition of the presumption of innocence fully and was as favorable to defendant as he had a right to demand. So, too, the required certainty of circumstantial evidence and the law covering that question was clearly and fully stated to the jury. Hence, there was no error in refusing the requested instructions.

3. Complaint is made of some oral expressions of the trial judge in the presence of the jury, to the effect that the testimony of a certain witness elicited on cross-examination as to the defendant having secreted matches in the bedclothes in a certain room amounted to nothing more than the opinions and beliefs of the witness. These statements of the witness were, in fact, nothing but opinions or conclusions drawn by him from certain discoveries he claimed to have made. To call them opinions and to say that "the witness had been giving nothing but opinions for the last hour" could in no way harm the defendant, for all the testimony of the witness was adverse to the defendant; and to say that he was only giving his opinions could only lessen the force of his testimony. If the court had intimated that the witness was confining himself to facts, the defendant might have properly complained.

4. During the taking of testimony and after the jury had been impaneled, defendant requested the privilege of asking the several jurors some questions in open court as to whether they had read any reports of the trial in the newspapers. The court refused the request, stating that this was not the time or place for any such inquiry. We think the court was right, and that there is no merit in the objection to the action taken.

We are also satisfied that there is no showing made by the affidavit filed on motion for a new trial that required the granting of the motion. What the jurors read in the newspaper does not appear even in substance. Nor does it appear from the affidavit that the newspaper contained anything that could have possibly prejudiced the reader against the defendant or his case. All that affirmatively appears from the affidavit is that a juror read in the paper "reports of the progress of the trial." Being a juror, he knew all about "the progress of the trial" and it could not hurt him to read what he already knew.

Some other points are urged by the appellant, but they are not considered of sufficient importance to warrant special treatment.

The judgment and order are affirmed.

Smith, J., and Allen, J., concurred.